# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: JAYMIE L. BROWN | : | CASE NO: 17-21120 jjt |
| | : | |
| | : | CHAPTER 7 |
| DEBTOR | : | |
| | : | |
| JAYMIE L. BROWN | : | ADV. PRO. NO: 17-_____ |
| | : | |
| | : | COMPLAINT FOR DECLARATORY |
| Plaintiff | : | RELIEF, INJUNCTIVE RELIEF, AND |
| | : | DAMAGES FOR VIOLATIONS OF |
| vs. | : | THE AUTOMATIC STAY |
| | : | |
| HARTFORD HEALTHCARE CORPORATION | : | |
| | : | |
| Defendant | : | October 19, 2017 |
| | : | |

## I. NATURE OF CASE

This Adversary Proceeding is brought by Jaymie L. Brown ("Plaintiff" or "Jaymie") against Hartford Healthcare Corporation ("Defendant" or "Creditor") for violations of the bankruptcy automatic stay, pursuant to 11 U.S.C. § 362(a). The Defendant attempted to collect a scheduled, pre-petition debt ("Debt") from Jaymie after Jaymie filed her Chapter 7 bankruptcy petition and despite notices sent to the Defendant by the Bankruptcy Court and direct communication by Jaymie to the Defendant to cease their collection efforts.

## II. JURISDICTION

1. This Adversary Proceeding is one arising in the Chapter 7 case of Jaymie L. Brown, and relates

1

to Case No. 17-21120 in the United States Bankruptcy Court, District of Connecticut. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. Violations of the automatic stay are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(J). Final orders of this Court may be entered pursuant to 28 U.S.C § 157(b)(1).

2. Venue is proper pursuant to 28 U.S.C. § 1408 and 28 U.S.C. §1409.

### III. PARTIES

3. Plaintiff Jaymie L. Brown, who at all material times resided in Mystic, CT 06355, filed a Chapter 7 bankruptcy on July 28, 2017.

4. Upon information and belief, Defendant Hartford Healthcare Corporation is a Connecticut corporation with its principal place of business at One State Street, Suite 19, Hartford, CT 06103, that provides medical services in Connecticut.

### IV. STATEMENT OF FACTS

5. Plaintiff Jaymie L. Brown filed a Chapter 7 bankruptcy on July 28, 2017. Exhibit A.

6. A 341 Hearing was held on September 6, 2017. Exhibit A.

7. The Plaintiff incurred a debt to the Defendant prior to filing her bankruptcy.

8. Pre-petition bills sent by the Defendant to the Plaintiff listed Hartford Healthcare as the company to whom the Plaintiff owed money. The Creditor's addresses listed on the pre-petition bills were:

Hartford Healthcare

P.O. Box 419032

Boston, MA 02241-9032

Hartford Healthcare

P.O. Box 4116

Gaithersburg, MD 20885

See Exhibit B

9. The Plaintiff's bankruptcy petition listed Hartford Healthcare and the $2,750.00 Debt on the schedule of creditors holding unsecured claims ("Schedule F"), and notices of the Plaintiff's bankruptcy were mailed to various addresses, including the following two (2) addresses listed on the bankruptcy petition's mailing matrix:

Hartford Healthcare
P.O. Box 419032
Boston, MA 02241-9032

Hartford Healthcare
P.O. Box 4116
Gaithersburg, MD 20885

See Exhibit C.

10. The Defendant did not file any written objection regarding the Plaintiff's discharge.

11. A Section 341 hearing on the Plaintiff's Chapter 7 bankruptcy was held on September 6, 2017 and neither the Defendant nor an attorney or representative of the Defendant appeared to question the Plaintiff.

12. After the Plaintiff filed for bankruptcy, but before any discharge could enter, the Defendant sent the Plaintiff the first post-petition collection notice, dated September 5, 2017, requesting payment of $2,750.00. This collection notice was also sent to the Plaintiff's e-mail address. On that collection letter were the Creditor's addresses of P.O. Box 419032, Boston, MA 02241-9032, and P.O. Box 4116, Gaithersburg, MD 20885. See Exhibit D redacted for patient child's name.

13. On October 2, 2017 at 12:25 p.m. Jaymie placed a telephone call to the Defendant, at telephone number (877) 442-2455, to inform the Defendant that she filed for bankruptcy. An agent for the Defendant informed Jaymie in that telephone conversation that not all of her accounts were covered by the bankruptcy.

14. Jaymie received a second collection notice from the Defendant dated October 5, 2017 which requested payment of $2.750.00. See Exhibit E redacted for patient child's name.

15. No mailings have been returned for insufficient address.

16. The Defendant has not filed a Relief from Stay.

17. The Defendant engaged in conduct to collect a pre-petition debt that might otherwise be paid by a frightened debtor or a debtor who did not seek legal counsel.

18. A creditor willfully violates the bankruptcy stay when it knows of the filing of the bankruptcy petition and has the general intent simply to perform the act found to violate the bankruptcy stay. *In re Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 82 (2d Cir. 1990). No specific intent to violate the bankruptcy stay is necessary. *Id*. The issuance of a collection notice by mistake is an affirmative act and a willful violation. *In re Solis*, 137 B.R. 121, 133 (Bankr. S.D.N.Y. 1992).

19. The Plaintiff seeks to protect the public interest and his individual interest in ensuring that creditors do not disregard bankruptcy notices.

20. Defendant's conduct denied Jaymie the "fresh start" guaranteed by the Bankruptcy Code and caused the Jaymie confusion and anxiety that her debts were not dischargeable.

21. The collection letters sent by the Defendant caused Jaymie emotional distress, anger, loss, and extreme anxiety.

## V. STATEMENT OF CLAIM

### AUTOMATIC STAY VIOLATIONS

22. The Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1-21.

23. The Plaintiff willfully and maliciously violated 11 U.S.C. § 362(a) by its repeated attempts demanding payment of a scheduled debt after Jaymie's bankruptcy filing and despite notification of the filing

4

by the clerk of the Bankruptcy Court and, later, notification by the Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that:

1. The Court order the Defendant to cease collection activity on the Plaintiff's discharged debt;

2. The Court order the Defendant to pay the Plaintiff's actual damages, costs and attorney's fees in bringing this action pursuant to 11 U.S.C. § 362(k);

3. The Court order the Defendant to pay the Plaintiff punitive damages pursuant to 11 U.S.C. § 362(k);

5. For such other and further relief which the Court deems just and proper.

Dated: October 19, 2017

Respectfully submitted,

By: /s/ Kenneth R. Davison
Kenneth R. Davison, Esq.
Federal Bar No. ct29644
Action Advocacy PC
One Crouch Street
Groton, CT 06340
Telephone: (860) 449-1510
Facsimile: (860) 449-8046
Email: office@actionadvocacy.com
*Attorney for the Plaintiff*

O:\Bankruptcy Docs E Filing\Brown, Jonathan & Jaymie\Adversary Proceedings\Brown v. Hartford Healthcare Hospital\Complaint - Brown v Hartford Healthcare.wpd

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>JAYMIE L. BROWN | DEFENDANTS<br>HARTFORD HEALTHCARE CORPORATION<br><br>ONE STATE STREET, SUITE 19, HARTFORD, CT 06103 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Kenneth R. Davison<br>One Crouch Street, Groton, CT 06340<br>(860) 449-1510 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This action is against the Creditor for violating the automatic stay, pursuant to 11 U.S.C. § 362(a)(6), by sending collection letters to the Debtor after the Debtor filed for Chapter 7 bankruptcy and after the Debtor called the Creditor. Relief sought pursuant to 11 U.S.C. § 362(k).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case -- 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 7,000 |

**Other Relief Sought**
Actual damages pursuant to 11 U.S.C. § 362(k), punitive damages, costs, and attorney's fees

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>JAYMIE L. BROWN | BANKRUPTCY CASE NO.<br>17-21120 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Hartford | NAME OF JUDGE<br>James J. Tancredi | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>October 19 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kenneth R. Davison | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.